```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

UNITED STATES OF AMERICA        )
                                )
         v.                     )   CRIMINAL NO. 2:06 CR 136
                                )
ISSACHAR B. HUMPHREY            )

## OPINION AND ORDER OF DETENTION

At the June 7, 2007 initial appearance, the government requested that the defendant, Issachar Humphrey, be held without bond.  A detention hearing was conducted on June 11, 2007, and the court now makes the following findings of fact:

1. The defendant currently is charged in a three count indictment with violations of 18 U.S.C. §§371, 1343, and 1344. If convicted, the defendant faces a maximum sentence of 65 years imprisonment.

2.  At the detention hearing, the government relied upon the indictment and the prebond report.  The defendant proffered evidence.

3.  At the time of his arrest, the defendant was unemployed and lived with his girlfriend in a Chicago, Illinois apartment. He resided at that apartment for only eight months.

4.  In the prebond report, the defendant admitted to using marijuana on a regular basis.

5.  The defendant has an extensive criminal record:

    A.   On September 23, 1997, the defendant was arrested in Chicago for possession of a controlled substance.  On November 7, 1997, the defendant pled guilty and was sentenced to one year probation.  The defendant admitted to probation viola-

            tions on December 17 and 30, 1998. His probation was terminated, and the defendant was sentenced to three years imprisonment.

    B.    On November 3, 1999, the defendant was arrested in Chicago for criminal trespass. On January 18, 2000, the defendant was convicted and sentenced to two days in jail.

    C.    On February 13, 2000, the defendant was arrested in Chicago for theft. On April 3, 2000, the defendant pled guilty and was sentenced to two days in jail.

    D.    On February 16, 2001, the defendant was arrested in Chicago for the delivery of a controlled substance. On June 8, 2001, the defendant was convicted and sentenced to one year imprisonment.

    E.    On November 3, 2002, the defendant was arrested in Chicago for theft. On January 6, 2005, the defendant was convicted and sentenced to two years imprisonment.

    F.    On January 18, 2005, the defendant was arrested in Chicago for possession of a controlled substance. On June 7, 2005, the defendant was convicted and sentenced to one year imprisonment.

6. In addition to the defendant's convictions, he has a record for failing to appear in court:

    a.    On December 19, 1998, the defendant was arrested for possession of a controlled substance. On January 22, 1999, the defendant's bond was forfeited and a judgment on bond forfeiture was entered on February 26, 1999.

    b.    On August 16, 1999, the defendant was arrested for criminal trespass. On September 22, 1999, the defendant's bond was forfeited and judgment of bond forfeiture entered on October 20, 1999.

    c. On May 24, 2000, the defendant was arrested for criminal trespass.  On June 20, 2000, the defendant's bond was forfeited and a judgment of bond forfeiture was issued on July 27, 2000.

    d. On November 3, 2002, the defendant was arrested for theft.  On November 22, 2004, his bond was forfeited but later reinstated.

  7. In addition to the convictions and bond forfeitures, the defendant has been arrested on nine other occasions.

  The government has demonstrated by a preponderance of the evidence that the defendant is a flight risk.  The defendant is unemployed and has lived at his Chicago address for only eight months.  The defendant also has an extensive criminal record with six convictions and four bond forfeitures.  On one occasion, the defendant's probation was revoked.

  The defendant has admitted to using marijuana on a regular basis.  *See generally* **United States v. Raimondi**, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

  The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 12th day of June, 2007

s/ Andrew P. Rodovich
United States Magistrate Judge